IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ROBERT ANTHONY CROSBY, JR.,** | * | |
| Petitioner, | * | |
| v. | * | Civ. No. DLB-21-2742 |
| **WARDEN RONALD S. WEBER,** | * | |
| Respondent. | * | |

**MEMORANDUM OPINION**

Robert Anthony Crosby, Jr. petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254 because he believes his state court sentence was imposed in violation of the Fourteenth Amendment to the Constitution. ECF 1. The respondent asserts the petition must be dismissed because Crosby has not exhausted his constitutional claim and, in any event, his claim is not cognizable and unmeritorious. ECF 3, at 29. No hearing is necessary. *See* Rule 8(a), *Rules Governing § 2254 Cases in the U.S. Dist. Cts.*; Loc. R. 105.6 (D. Md. 2023); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the following reasons, the petition is dismissed and a certificate of appealability shall not issue.

I.   **Background**

On August 17, 2004, in the Circuit Court for Washington County, Maryland, Crosby pled guilty to one count of possession with the intent to distribute crack cocaine. ECF 3-1, at 6–7. He was sentenced to 20 years' incarceration with all but 5 years suspended and 3 years' probation. *Id.*

On January 25, 2007, while on probation, Crosby was charged in the same court with four new drug offenses, including two counts of manufacture/distribution of cocaine. *Id.* at 11–12. He was convicted by a jury at trial. On July 6, 2007, the court sentenced Crosby 40 years' incarceration

on one count and 20 years' incarceration on another count, with sentences to run concurrently, for a total term of 40 years. *Id.* at 22–23. In accordance with Maryland's statutory requirements at the time, the 2007 judgment stated that Crosby was ineligible for parole for 25 years. *Id.*

On July 12, 2007, the court found Crosby in violation of probation because of the 2007 drug offense conviction and sentenced him to imprisonment for 8 of the 15 years that previously had been suspended, to run consecutive to the 40-year sentence for the 2007 conviction, for a total of 48 years. *Id.* at 24–25.

On September 26, 2017, Crosby filed a motion to modify his 2007 sentences (for the drug offenses and the probation violation) based on Maryland's Justice Reinvestment Act ("JRA"), Md. Code Ann., Crim. Law § 5-609.1, which was effective October 1, 2017. ECF 3-1, at 26–32. The JRA eliminated mandatory minimum sentences for certain drug sentences imposed after September 30, 2017. *Id.* The JRA also allowed, for one year after the act went into effect, individuals who were serving certain mandatory minimum sentences imposed before the JRA to ask the court to exercise its discretion to modify or reduce their sentences to reflect the new changes in the sentencing laws. *Id.* The JRA was the only basis for Crosby's motion to modify his sentence. He did not raise a constitutional claim. At a June 4, 2018 hearing on the motion, Crosby withdrew his request for relief as to the sentence for the violation of probation, but he asked the court to reduce his 40-year sentence for the 2007 conviction on the drug offenses pursuant to the JRA. *Id.* at 90. The trial court amended the 2007 judgment on the drug offense convictions to remove any restriction on parole eligibility. The court denied Crosby's request to reduce the length of his sentence. Except for the removal of the restriction on parole eligibility, all other terms of the 2007 judgment on the drug offense convictions remained the same. *Id.* at 37; ECF 3-2.

Crosby did not appeal the 2018 sentence. However, he did file a motion to correct an illegal sentence on September 20, 2018. ECF 3-1, at 38–42. Crosby argued that his 2018 sentence violated the JRA because it failed to reduce his sentence from 40 years to 25 years. *Id.* On September 28, 2018, the trial court denied Crosby's motion. *Id.* at 45. He lost on appeal on July 22, 2020. *Id.* at 87–100. The Supreme Court of Maryland denied Crosby's petition for certiorari on October 23, 2020. *Id.* at 115.

On February 26, 2021, Crosby filed a motion to reopen proceedings under Maryland's Uniform Postconviction Procedure Act ("UPPA"), Md. Code Ann., Crim. Proc. §§ 7-101 – 7-301. ECF 3, at 11; *see* ECF 3-1, at 18. On March 11, 2021, the circuit court denied the motion. ECF 3, at 11; *see* ECF 3-1, at 18. On June 30, 2021, the Appellate Court of Maryland denied Crosby's appeal, and its mandate issued on July 30, 2021. ECF 3-1, at 18, 116–18; ECF 3, at 11.

Crosby filed his petition for writ of habeas corpus in this Court on October 25, 2021. ECF 1. Crosby claims that his 2018 sentence is illegal pursuant to the Justice Reinvestment Act and a "violation of the Fourteenth Amendment" because the state court refused "to grant relief for an illegal sentence under Maryland's own laws." ECF 1, at 5. In Crosby's view, his 48-year combined sentence is illegal because "[c]urrent guidelines do not allow more than a 25 year maximum sentence for a third drug offense." *Id.* In his answer, the respondent argues that Crosby's constitutional claim is unexhausted because he "expressly and exclusively invoked state law" in his state court challenge to the 2018 sentence. ECF 3, at 29–31. He also argues that, even if exhausted, Crosby's claim nevertheless should be dismissed because it is a non-cognizable state law claim and, in any event, meritless. *Id.* at 17–18, 26–28, 32–35.

Meanwhile, Crosby pursued additional relief in state court. On January 12, 2022, Crosby filed a petition for a writ of habeas corpus in the Circuit Court for Washington County. ECF 7-1,

at 69–73.[1] Crosby alleged, among other things, that his 2018 sentence was illegal because it violated the JRA and unconstitutional because it violated the Eighth and Fourteenth Amendments. *Id.* at 72. He argued that it was "more than a virtual life sentence" in violation of the Eighth Amendment's prohibition of cruel and unusual punishment. *Id.* And, he contended that the sentence violated the Equal Protection Clause of the Fourteenth Amendment because it "was not imposed with the spirit of the JRA," which calls for "'mov[ing] Maryland towards a more fair and effective criminal justice system that protects the public, provides support for people involved in the justice system, and reinvests resources into programs and policies that hold the promise of better outcomes.'" *Id.* He also argued his sentence was not consistent "with the letter of [the JRA]," because, as he reads the statute, the JRA provides for a maximum sentence of 25 years for a third drug offense. *Id.* On November 15, 2022, the state court denied the petition, finding that the maximum sentencing provisions in the JRA only applied prospectively and were not in place when Crosby was sentenced.[2] *Id.* at 125–27. The state court did not address Crosby's constitutional claims in its opinion and order. *Id.* Crosby has not appealed the order or sought other relief in state court.

---

[1] Two days later, he informed this Court that he was "willing to request to have this petition withdrawn without prejudice as [he was] filing a petition for Habeas Corpus with the State under the grounds of violation of Equal Protection Clause of the Fourteenth Amendment and violation of [his] Eighth Amendment right not be subject to Cruel and Unusual Punishment . . . ." ECF 4, at 1. This Court ordered the respondent to supplement the record with Crosby's more recent state court filings, ECF 6, which he did, ECF 7 & 7-1.

[2] The Washington County clerk of court docketed Crosby's petition for a writ of habeas corpus under two separate docket numbers, one for his 2004 sentence and one for his 2007 sentence. The state circuit court summarily dismissed the petition associated with his 2004 sentence. ECF 7-1, at 87. Crosby did not appeal the dismissal.

## II. Exhaustion

A state prisoner must exhaust available remedies in state court before filing a habeas petition in federal court. *See Gray v. Zook*, 806 F.3d 783, 798 (4th Cir. 2015) ("[W]hen a habeas petitioner fails to exhaust state remedies for a claim, federal review is not available until the petitioner either returns to state court with the claim or demonstrates that such an attempt would be futile, in which case the claim is treated as procedurally defaulted." (citing *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998))).

In Maryland, a person convicted of a criminal offense may exhaust a postconviction claim either on direct appeal or in postconviction proceedings. To exhaust a claim on direct appeal in non-capital cases, a defendant must assert the claim in an appeal to the Appellate Court of Maryland and then to the Supreme Court of Maryland by way of a petition for a writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc. §§ 12-201, 12-301. To exhaust a claim through postconviction proceedings, a defendant must assert the claim in a petition filed in the circuit court in which the inmate was convicted within 10 years of the date of sentencing. *See* Md. Code Ann., Crim. Proc. §§ 7-101–7-103. If a postconviction petition is denied, a defendant may file an application for leave to appeal with the Appellate Court of Maryland. *Id.* § 7-109. If the Appellate Court of Maryland denies the application, there is no further review available, and the claim is exhausted. Cts. & Jud. Proc. § 12-202.

Crosby has not exhausted the constitutional claim in his habeas petition. He did not raise any constitutional claims in his 2017 motion to modify his sentence; he raised only state law claims. He did not file a direct appeal of his 2018 sentence. Crosby filed a postconviction petition in 2021, but neither side suggests he raised constitutional issues in that petition, the contents of

5

which were not provided to this Court. He also did not raise any constitutional claims in his subsequent motion to correct an illegal sentence.

After Crosby filed this habeas petition and the respondent pointed out that he had not exhausted his constitutional claim, Crosby tried to cure the problem. In 2022, he filed a state habeas petition in which he finally asserted constitutional claims. The state court denied the petition. That, however, did not satisfy the exhaustion requirement. The denial of a state habeas petition by a Maryland circuit court, although generally unappealable, does not exhaust the petitioner's claims when the petitioner still may file a state petition for postconviction relief under Maryland's UPPA. *See Jenkins v. Fitzberger*, 440 F.2d 1188, 1189 n.1 (4th Cir. 1971) (holding that "[s]ince the denial of a writ of habeas corpus by a Maryland trial court is not normally appealable, and since the [UPPA] does provide for appeal, an action for state habeas is not sufficient to exhaust available state court remedies in Maryland"); *see also Douglas v. State*, 31 A.3d 250, 261–62 (Md. 2011) (observing that habeas petition is appealable "where the UPPA does not provide a remedy").

State remedies remain available to Crosby. He could move to reopen his 2021 postconviction petition to assert constitutional claims. *See* Md. Code Ann., Crim. Proc. § 7-104; *see also id.* § 7-103(b) (petition must be filed within ten years of imposition of sentence); *Baker v. Corcoran*, 220 F.3d 276, 291 (4th Cir. 2000) ("Maryland law plainly establishes a right to raise new claims in a motion to reopen a previous PCR proceeding. Indeed, . . . a motion to reopen is the statutorily prescribed mechanism for doing so."). Alternatively, Crosby could file another motion to correct an illegal sentence and raise the constitutional claim in that motion. *See* Md. R. 4-345(a). Because Crosby did not raise any constitutional claims in his post-trial motions, in his postconviction petition, or on direct appeal and because he has state court remedies available to raise his constitutional claim, the constitutional claim in his federal habeas petition are

unexhausted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (claim only exhausted after "the state courts [have] one full opportunity to resolve any constitutional issues"). His petition must be dismissed for failure to exhaust.[3]

The respondent asks the Court to review merits of the unexhausted claim pursuant to § 2254(b)(2). Section 2254(b)(2) provides that the Court may deny a habeas petition "on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." The Court declines to reach the merits of Crosby's unexhausted claim.

### III.     Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because the accompanying Order is a final order adverse to the applicant, a certificate of appealability must be issued before an appeal can proceed. 28 U.S.C. § 2253(c)(1).

A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner may satisfy the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, the petitioner may meet the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Id.*

---

[3] Crosby's state law claim is dismissed because "federal habeas corpus relief is unavailable for [a] state law claim." *Fields v. Att'y Gen.*, 956 F.2d 1290, 1299 (4th Cir. 1992) (citing 28 U.S.C. § 2254(a)).

Crosby has failed to satisfy this standard. Therefore, a certificate of appealability shall not issue.

A separate order dismissing the petition and denying a certificate of appealability follows.

<u>March 6, 2025</u>  
Date

_____  
Deborah L. Boardman  
United States District Judge